Judge Robertson
delivered the opinion of the Court.
In a suit in the names of Muncy and wife against Turtle, for an assault and battery committed by Turtle, on the wife, a verdict and judgment were rendered against him for ‡38, in damages.
Muncy and wife had not lived together for many years. He lived in Tennessee, she in Kentucky. He had no agency in bringing or prosecuting the suit, and had no knowledge of its pendency. After the judgment was obtained, Turtle procured, by some contrivance, a receipt for the damages, from the husband. The wife issued execution on the judgment, endorsed for the benefit of T. Quarles and J. Love, of all which, Turtle was notified, before he procured the husband’s receipt.
This bill was then filed, exhibiting the receipt, and praying for an injunction. The injunction was granted, but dissolved on the final hearing.
Whether the receipt of the husband discharged the judgment, is the principal question for our consideration.
- . . . As long as the marriage relation subsists, the man-tal rights of the husband remain undiminished, unless ^y contract, they shall have been qualified in equity, If money be due to the wife, the husband may collect it or release the demand. The wife, in this case, was *83 die meritorious party to the judgment. In conscience, she is entitled to the damages assessed for a battery on her own person. But she has no better other claim to the judgment, than she would have to debts earned by her own industry, when in a state of solitary helplessness and destitution. The receipt of the husband is good, and will bar the right of the wife. His conduct is most unworthy of a husband, and discreditable to him as a man. But his rights are fixed by inflexible law, which this court cannot control or alter.
not affect tha rights of the husband,
If the wife desire protection from the rapaciousness of an unfeeling husband, she should obtain a divorce. As long as she is «wife,” the legal dominion of the husband may be exercised. Bracton says, “Ompia qua sunt uxoris, sunt ipsius viri, non habet potestatem, sed vir.”
In England, if after a divorce, “a mensa el thorn” without alimony, the wife had a judgment for a personal injury done to herself, the husband might release it. But if she had alimony, he could not. See I. Salk. 115; V. Modern, 71; II. Rol. Abr. 402; Cro. Eliz. 908; Com. Dig. tit Bar. and Feme, O. 565.
The assignment of the judgment by the wife, cannot change fire case. If she had authority to assign it without the concurrence of the husband, she had a right to collect the amount of it, and if she had this right, it was not necessary to join the husband in the suit.
A payment to the husband would be good. He had a right to control the judgment. Therefore, a payment to the wife would not release the judgment.
This is a peculiarly hard case. But a decision for the wife, would establish principles subversive of the long settled policy of the common law. The civil law cannot be applied to this case. If the wife had. separate property by decree or by articles, chancery would protect her.
Wherefore, the decree must be reversed, and the cause remanded for a decree perpetuating the ia-j unction.
Cunningham, for plaintiff; TriplettA for defendant.
Reuben Muncy, the; husband, must pay the costs here and in thecircuit'court,